## Hockenbury *against* Carlisle.

Official books and papers must be proved by producing an exemplified copy from the proper office; or if circumstances require that the originals should be produced, they must be brought from the office and verified by the officer who has the keeping of them, or his clerk, or some one specially authorized by him for that purpose. They cannot be verified by one who has no connexion with the office, but who happens to know them.

ERROR to the Common Pleas of *Juniata* county.

Samuel Carlisle against Henry Hockenbury, David W. Huling, and others.

This was an action of ejectment for a tract of land. The plaintiff claimed title under a sale of the land as unseated by the treasurer for the payment of taxes; and to support it he called Ephraim Banks, Esq., as a witness, who testified: that the books produced were the original assessment books, the unseated land book, and the treasurer's sale book, which belonged to the commissioners' office of Mifflin county; that he was well acquainted with them; that he had once been a clerk in the commissioners' office, but that now he had no connexion with the office.

The plaintiff then offered the books in evidence; to which the defendant objected, on the ground that they were not proved by the proper officer having the custody of them.

The court overruled the objection, and sealed a bill of exception. This was the only material point in the cause.

*Huling* and *J. Fisher*, for plaintiff in error, relied upon the case of *Devling* v. *Williamson*, (9 *Watts* 317.)

*Parker* and *Benedict*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is in the admission of the treasurer's book and papers without being duly proved; and the objection is that they were produced and proved by Ephraim Banks, Esq., who had not the legal custody of them, and was not treasurer or commissioner, or one of their clerks. This very point was decided by this court in the case of *Devling* v. *Williamson*, (9 *Watts* 317,) where it was held that official papers must be proved by producing an exemplified copy from the proper office, or if circumstances require that the originals should be produced, they must be brought from the office and verified by the officer him-

[Hockenbury v. Carlisle.]

self, who has the keeping of them, or his clerk, or some one specially authorized by him for that purpose. Here Mr Banks was neither; for though he had formerly been a clerk in the office, yet he was not connected with it at the time of giving his testimony, but stood in the light of any third person or stranger. The absolute necessity for this rule, as well to guard the public muniments and archives of property from loss and injury, as to preserve the channels of evidence pure, is sufficiently manifested by the reasoning of the court in that case, and proved by sad experience of the mischiefs that have resulted, and must, if not checked, continue to result from the loose, irresponsible, and dangerous practice of permitting any and every body to carry off the public records from their depositories for the sake of private convenience, instead of resorting to the known and settled modes which the law has provided for their proof or exhibition in court. We think, therefore, that the court below erred in receiving the evidence under these circumstances.

The next two bills of exceptions are to evidence admitted by the court, which the plaintiff in error objects to as having been irrelevant, and the defendant in error excuses on the ground of its unimportance on the trial of the cause, alleging that it was introduced from a misconception of the point on which the cause would turn. As the case will go to another trial, it is unnecessary, therefore, further to notice them. Nor is it necessary to consider more fully the eighth error, for the same reason. It is not likely that the same evidence exactly will be given, or that the cause will be presented again in precisely the same way.

Judgment reversed, and *venire facias de novo* awarded.